# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **MAE JIMMAR,** | |
| Plaintiff, | **CIVIL ACTION FILE NO.** |
| v. | **1:25-cv-01045-SCJ** |
| **COCA-COLA BOTTLING COMPANY UNITED INC. AND TRAVON BENNETT,** | |
| Defendants. | |

## ORDER

Nonparty Ortho Sport and Spine Physicians ("Ortho Sport")'s Motion for Protective Order (Doc. No. [40]) and Defendants' Motion to Compel Non-Party Ortho Sport (Doc. No. [37]) having come before the Court for oral argument on October 28, 2025, and having considered the briefing, exhibits, and the arguments submitted by Defendants and Ortho Sport, as well as the facts of this case and the law,[1] this Court hereby **DENIES** Ortho Sport's Motion for Protective Order and

---

[1] The Court has also considered and adopted portions of the proposed orders submitted pursuant to the Court's instructions. Doc. No. [48].

**GRANTS** Defendants' Motion to Compel. The Court finds that under Federal Rule of Civil Procedure 26(b) and 45, the discovery requests at issue (as modified and limited in the substantive order below) are relevant to Defendants' defense and proportional to the needs of the case considering all applicable factors.[2]

Accordingly, **IT IS HEREBY ORDERED AND ADJUDGED** as follows:

The Motion for Protective Order (Doc. No. [40]) is **DENIED**. The Motion to Compel (Doc. No. [37]) is **GRANTED**, and Ortho Sport is ordered to proceed as follows:

1. Ortho Sport shall produce to Defendants eClinicalWorks Report 37.08 to show the amounts billed as well as the amounts negotiated or accepted in satisfaction of bills issued to patients, with the "responsible party" or referral source identified for each of those patients, for the time period beginning July 1, 2023, through the present, limited to the state of Georgia.

2. Ortho Sport shall produce to Defendants all marketing materials distributed on behalf of Ortho Sport or its agents to any member of Plaintiff's counsel's firm within the last three years; including any invitations to parties or information sessions, any invitations to sporting events, vacations, and

---

[2] The Court recognizes that to the extent that it may be argued that there is a split of authority on this issue, the Court aligns with the authority that requires production.

documentation of any gifts, tickets, or in-kind payments of any nature distributed to any member of Plaintiff's counsel's firm;

      3.      Ortho Sport shall produce to Defendants all communications between Ortho Sport or its agents (including Fortress Data Solutions, as indicated on correspondence between Plaintiff's counsel and Ortho Sport already produced) and Plaintiff's counsel's firm related to Plaintiff;

      4.      Ortho Sport shall produce to Defendants the eClinicalWorks Reports 371.05, 361.05, and 21.04 as described herein – which will accomplish the goal of providing evidence related to the reasonableness and necessity of the Plaintiff's bills and the referral relationship between Plaintiff's counsel and Ortho Sport (and Ortho Sport's agents) for evidence of bias.

(1) Ortho Sport and/or its agents shall first run the eClinicalWorks Report 371.05 with the following search criteria:

    a. The search shall be for any patients who have received any of the CPT codes indicated on Plaintiff's statement of charges with Ortho Sport.

    b. The search shall also include any patients who have received any of the diagnostic codes indicated on Plaintiff's statement of charges with Ortho Sport.

3

    c. However, the period of time for the search shall be limited to July 1, 2023 (one year prior to the month of Plaintiff's treatment beginning) through present.

    d. And, the search shall be limited to those patients who received treatment from any of the practitioners who each saw Plaintiff or oversaw the treatment of Plaintiff as indicated on Plaintiff's statement of charges with Ortho Sport.[3]

    e. Finally, the search shall be limited to those clinical locations within the metro Atlanta area as indicated on Ortho Sport's website (and where Plaintiff was treated), to include: Buckhead, Buford, Conyers, Decatur, Douglasville, Gainesville, Glenridge, Kennesaw, North Atlanta, Peachtree City, Peachtree Corners, Snellville, and South Atlanta, within the time frame indicated above.

(2) Ortho Sport and its agents are hereby ordered to work together, along with any affiliate, subsidiary, vendor, HIPAA Business Associate, or

---

[3] The Court understands from Ortho Sport's proposed order that the treating doctors are: Drs. Jeffrey Lee and Roderica Cottrell. The statement of charges shall control this aspect of the search.

    other third party with whom they have any business relationship whatsoever, to generate the report above.

(3) Once the eClinicalWorks Report 371.05 for the criteria above is generated, Ortho Sport and/or its agents shall then run the eClinicalWorks Report 361.05 with the same search criteria as the 371.05 Report described above. Again, Ortho Sport and its agents are hereby ordered to work together, along with any affiliate, subsidiary, vendor, HIPAA Business Associate, or other third party with whom they have any business relationship whatsoever, to generate the eClinicalWorks Report 361.05.

(4) Ortho Sport and/or its agents are then ordered to run the eClinicalWorks Report 21.04 revealing the "Unposted Payments" with the same search criteria as the 371.05 Report described above.[4]

(5) The reports are to be produced in Excel format.[5]

---

[4] Ortho Sport and its agents may request keystroke instructions from Defendants so as to alleviate any burden in determining how to run that eClinicalWorks Report 21.04 report.

[5] Ortho Sport and its agents may request keystroke instructions from Defendants so as to alleviate any burden in determining how to produce the reports in that format.

(6) Ortho Sport and its agents are ordered to complete production to Defendants **within 30 days of the entry of this Order**, so Defendants may confirm the searches were run according to these instructions.

(7) Ortho Sport and its agents may seek reimbursement of reasonable copying/production fees from Defendants for producing the above documents.

(8) In addition, prior to any production to Defendants, Ortho Sport and its agents should pursuant to 45 C.F.R. § 164.514 redact the name and any patient identifying information such as phone numbers, email addresses, or home addresses for any of its patients (other than Plaintiff) whose information may be captured by the search and production ordered above. Ortho Sport and its agents shall <u>not</u> redact any other information, including the Patient ID numbers, any CPT codes or Diagnostic codes, any values paid, or any law firm names that may be returned by the search as ordered.

5. Defendants and their counsel are **ORDERED** to hold Ortho Sport's database reports strictly confidential, except that Defendants and their counsel may share the information with any of the insurers involved in this case, any expert consultant or witness, and any other counsel who enter an appearance in

this case—who likewise are bound by this Order and are hereby **ORDERED** to hold that information strictly confidential except as set forth herein. To the extent that any of the Document Production is discussed in depositions, the portions of the transcript concerning the Document Production shall treated as confidential. So as to avoid circumstances where Ortho Sport disclaims future ability to run the requested reports, Defense counsel may display the Database Reports on an *in camera* basis to any other sitting/presiding judge addressing issues similar to the existing discovery dispute in the case *sub judice*. Defense counsel shall also file the Database Reports <u>under seal</u> in this case or any other case, should same be reasonably necessary. This Court reserves all decisions as to the admissibility of the produced data and whether the same will be sealed at trial for the appropriate time.[6]

In conclusion, Motion for Protective Order (Doc. No. [40]) is **DENIED**. The Motion to Compel (Doc. No. [37]) is **GRANTED**. The Parties, Non-Party Ortho Sport, and counsel of record, are **ORDERED** to comply with the

---

[6] The Court notes that as a general matter, trial exhibits that are displayed to the jury in an open courtroom are not sealed; however, non-party, Ortho Sport, may file a motion to seal if it is desirous of seeking to seal any trial exhibits of the Parties related to the document production at issue. The deadline to file such motion is by the motion in limine deadline (<u>see</u> Doc. No. [42]).

instructions herein. Attorney's fees are not awarded. In addition, the Joint Motion for Discovery Extension (Doc. No. [50]) is **GRANTED**. For good cause shown, discovery is extended through and including January 28, 2026. The scheduling order (Doc. No. [9]) is amended accordingly and all other related pretrial deadlines are adjusted accordingly and pursuant to the Court's Local Rules.

**IT IS SO ORDERED** this 28th day of November, 2025.

_____
**HONORABLE STEVE C. JONES**
**UNITED STATES DISTRICT JUDGE**