IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MAE JIMMAR, | |
| Plaintiff, | CIVIL ACTION |
| | FILE NO. 1:25-cv-01045-SCJ |
| v. | |
| COCA-COLA BOTTLING COMPANY UNITED, INC. and TRAVON BENNETT | |
| Defendants. | |

**DEFENDANTS' RESPONSE TO NON-PARTY ORTHO SPORT AND SPINE'S MOTION FOR RECONSIDERATION**

COME NOW, Defendants, and file this response to Non-Party Ortho Sport and Spine's ("Ortho Sport") Motion for Reconsideration, showing the Court as follows:

## I.  SUMMARY OF ARGUMENT

The Court should deny Ortho Sport's motion for reconsideration because the Patient ID numbers are essential information which is needed to analyze Ortho Sport's reports, and their redaction would render Ortho Sport's production meaningless. Contrary to what Ortho Sport claims, the Patient ID numbers were contemplated to be produced in Defendants' subpoena, and privacy concerns are not implicated by the production. If the Court nevertheless finds that the Patient ID numbers should be redacted, Ortho Sport should be ordered to produce its records in

a manner which still allows the information to be usable, and several simple means of doing so are described herein.

## II. ARGUMENT AND CITATION OF AUTHORITY

Ortho Sport, without any effort to confer with Defendants, filed a 23 page brief in an attempt to avoid producing its data in a format which would be usable, while claiming it was merely requesting a small modification to the Court's order. The effort alone should raise suspicions as to the true motivation for Ortho Sport's motion. Ortho Sport's arguments why the Patient ID numbers should be redacted are baseless, and the need for the Patient ID numbers is substantial. However, if the Patient ID numbers were permitted to be redacted, Ortho Sport should still be ordered to produce the data in a way that allows it to be used, in accordance with Rule 45 of the Federal Rules of Civil Procedure.

### A. Patient ID Numbers Should Not Be Redacted

The Patient ID numbers (or an equivalent substitute, to be discussed in Section B, *infra)*, are essential to understanding the data Ortho Sport is producing because they allow for an apples-to-apples comparisons between historical patient charges and Plaintiff's charges. Ortho Sport claims that its Patient ID numbers should be redacted because they were not originally requested by Defendants and invade the privacy rights of their other patients. Neither of those arguments is correct. Ortho Sport wants to redact the Patient ID numbers not out of concern for its patients, but

because doing so will allow it to circumvent the Court's ordered production by rendering the production meaningless.

**1.      The Patient ID numbers are essential to understand Ortho Sport's data.**

As argued in the briefing and oral argument on Defendants' motion to compel, the purpose of Defendants' discovery request to Ortho Sport is to investigate the potential bias of Ortho Sport's providers and the reasonableness and necessity of Ortho Sport's charges. The data ordered by the Court is relevant to those queries because it is likely to show the hand-in-glove connection between Ortho Sport and Plaintiff counsel's firm. The data is expected to show that the Witherite firm refers hundreds to patients to Ortho Sport, generating thousands (and often, hundreds of thousands) of dollars in claimed special damages for each patient. The Witherite firm then uses the claim that the damages are owed by the patient directly to inflate their clients' personal injury claims. The charged amounts are artificially high with the foreknowledge that they will be written down to a fraction of the charged amount after settlement or judgment. Ortho Sport also provides favorable causation opinions for the plaintiffs to assist their claims. This cycle of referral, treatment on lien at inflated cost, favorable testimony, settlement, and write-down financially benefits both the Witherite firm and Ortho Sport. Ortho Sport has gone to extraordinary lengths to hide the evidence of these arrangements but has now been ordered to produce it.

The Court's Order requires Ortho Sport to produce the data which will show this arrangement. By producing the charges and amount accepted in satisfaction for patients with the same CPT and diagnosis codes as Plaintiff, Defendants expect to be able to determine the "actual" value of the charges, as well as to what extent the Witherite firm is able to negotiate better arrangements for its clients on the basis of its ongoing referral relationship with Ortho Sport. In order to do that, **the charges for each patient have to be grouped together, thereby associating them with one, anonymized patient, so as to allow comparison between the charges of different patients (who are also anonymized)**. That is what the Patient ID number does—it provides an anonymous numerical ID, which is otherwise meaningless to Defendants, but which allows Defendants to identify which charges are associated with one patient versus charges issued to the next patient. It does not identify individual patients by name or any way that would allow personal identification, nor does Defendant need it to. However, without the "break lines" between patients (not the individual names) that the Patient ID creates, the data produced by Ortho Sport will be a random collection of charges and write-offs with no ability to understand the referral arrangements which produced them. This will render the data production meaningless for the purpose it was ordered by this Court. That, of course, is exactly what Ortho Sport wants.

Ortho Sport claims that its request to redact Patient ID numbers is just a small change, when in truth, it will allow Ortho Sport to appear to be complying with the Court's order while continuing to hide the evidence of its referral arrangements and financial interest in Plaintiff's case. Not only does this violate the spirit of the Court's order, but it also violates Rule 45 of the Federal Rules of Civil Procedure. The rule requires that data be produced in a usable format:

> (e) Duties in Responding to a Subpoena.
>
> (1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
>     (A) *Documents*. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
>     (B) *Form for Producing Electronically Stored Information Not Specified*. If a subpoena does not specify a form for producing electronically stored information, the person responding **must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms**.

F.R.C.P. 45(e)(1)(B) (emphasis added). "The purpose is to protect against deliberate or inadvertent production in ways that raise unnecessary obstacles for the requesting party." Githieya v. Glob. Tel*Link Corp., 608 F. Supp. 3d 1290, 1317 (N.D. Ga. 2020) (internal citation omitted). The committee notes to the 2006 amendment to Rule 34[1] further states, "the option to produce in a reasonably usable form does not

---

[1] Although the Committee's note is appended to Rule 34, the notes extend the reference to "electronically stored information" to all of the rules, including Rule 45.

mean that a responding party is free to convert electronically stored information from the form in which it is ordinarily maintained to a different form that makes it more difficult or burdensome for the requesting party to use the information efficiently in the litigation."

If Ortho Sport is permitted to strip out the Patient ID numbers, then it will essentially be handing Defendants a randomly shuffled deck of data and will avoid any actual analysis of its arrangements with plaintiffs' firms. It will be in wholly unusable form. Defendants urge the Court not to allow Ortho Sport to evade judicial scrutiny of its practices by gutting the Court's order. Ortho Sport's motion for reconsideration should be denied.

**2.   Patient ID numbers were contemplated in Defendants' requests and do not invade the privacy rights of other patients.**

Ortho Sport argues that the inclusion of the phrase "Patient ID numbers" in the proposed order drafted by Defendants is a new discovery request. That is not true. Defendants' subpoena requested the following:

> 2.   A complete copy of any spreadsheet, itemization of charges, or other database information of any nature whatsoever evidencing the amounts you have billed as well as the amounts you have negotiated or accepted in satisfaction of your bills issued to patients, with the

---

"References elsewhere in the rules to "electronically stored information" should be understood to invoke this expansive approach. . . More generally, the term used in Rule 34(a)(1) appears in a number of other amendments, such as those to Rules 26(a)(1), 26(b)(2), 26(b)(5)(B), 26(f), 34(b), 37(f), and 45. In each of these rules, electronically stored information has the same broad meaning it has under Rule 34(a)(1)."

"responsible party" or referral source identified for each of those patients, for the time period beginning January 1, 2021, through and including December 31, 2023, limited to the states of Georgia, Texas, and Illinois.

    a.    This request specifically includes but is not limited to eClinicalWorks Report 37.08, subject to the search parameters set forth above, which may be produced from your dataset by following the instructions set forth in the attached Exhibit "A";

    b.    This request does NOT seek any HIPAA-protected personal identifying information and it is stipulated that you may redact any patient names, addresses, email addresses, phone numbers, or patient identifying numbers, etc. that may be included within the report, excepting only the above-referenced Plaintiff/patient. This request seeks anonymized data only.

3. A complete copy of any other documents, reports or evidence demonstrating the identities of referral sources for your patients or identities of legal representation for your patients first receiving treatment beginning January 1, 2021, through and including December 31, 2023, that are not otherwise contained in the database report requested above, subject to the same stipulations as set forth above as to geographic limitation and anonymization of individuals other than the instant Plaintiff/patient.

As discussed *supra*, Ortho Sport organizes its data in such a way that, without the Patient ID number, it is not possible to determine which group of charges is associated with which patient. Therefore, the Patient ID number is essential to and reasonably included in the scope of the requests. Ortho Sport's arguments that it had never before seen a request for "Patient ID number" prior to the Court's order are disingenuous, because the ID is literally how the requested data is tracked/organized by Ortho Sport, and therefore logically incorporated in the request.

Ortho Sport's argument as to privacy is also unavailing. So as to avoid overreach or potential HIPAA concerns, Defendants clarified in its subpoena that it

was not seeking information which would specifically identify other patients. That is why the subpoena permitted Ortho Sport to redact "patient names, addresses, email addresses, phone numbers, or patient identifying numbers that may be included in the report." That language comes directly from the HIPAA statute; however, HIPAA concerns are not relevant to this discussion, because judicial orders allow disclosure of protected health information:

> **(e) *Standard: Disclosures for judicial and administrative proceedings*—** (1) *Permitted disclosures.* A covered entity may disclose protected health information in the course of any judicial or administrative proceeding:
> **(i)** In response to an order of a court or administrative tribunal, provided that the covered entity discloses only the protected health information expressly authorized by such order;

45 C.F.R. 164.512(e)(i). The Court's order in this case satisfies the requirements of HIPAA.

As to more general privacy concerns,[2] let us be clear: Defendants do not want to know the names of or to be able to identify other Ortho Sport patients. Ortho Sport has not explained how knowing an account number or randomly generated patient ID would allow Defendants to match a CPT code or charge to a particular patient whose name, address, age, or gender is totally unknown to Defendants. Ortho Sport has also not suggested that its Patient ID numbers contain a date of birth,

---

[2] Ortho Sport spends a great deal of ink on the historical foundations of privacy in Georgia state law; however, none of that is germane to this discussion, as there is no request for information that would actually identify anyone.

Social Security number, drivers' license number, etc. Rather, Ortho Sport has bootstrapped a HIPAA definition of "patient identifying number" (which is inapplicable here) to a broader claim that somehow state privacy rights are invaded by Defendants having access to an otherwise-meaningless account number without any ability to connect it to a specific person. Ortho Sport has also ignored the fact that the Court entered a protective order which limits strictly what Defendants can do with the produced data. **No privacy rights of patients are actually at risk here**. Ortho Sport is instead using its purported concern about privacy to attempt to avoid the production of usable data.

### B. Alternatives to Patient ID Numbers

Defendants do not believe that Patient ID numbers should or need to be redacted. Further, as discussed in Section A, *supra*, it is essential that Ortho Sport's data be produced in a way that is grouped by patient, because the data is otherwise meaningless. Therefore, even if the Court finds that Patient IDs should be redacted, the Court should nevertheless order Ortho Sport to still produce the data in a way that is grouped by patient.

There are many ways this could be done. To name a few examples:

(1) Ortho Sport could redact the Patient ID number but organize all charges so as to be grouped by patient, and then leave blank lines between one patient and the next so as to indicate that new patient charge data has begun;

(2) Ortho Sport could redact the Patient ID number but color code patients in alternating colors (or do redactions in alternating colors) so as to indicate that new patient data has begun;

(3) Ortho Sport could substitute a different unique code for existing Patient ID numbers;

(4) Ortho Sport could redact a portion (such as the first half) of the Patient ID numbers, but leave the remainder undisturbed, so Defendants could identify which charges should be grouped together; or

(5) Ortho Sport could produce the reports with the Patient ID numbers unredacted, and Defendants could be ordered to redact Patient ID numbers prior to using them in the ways permitted by the Court's protective order.

Any of these methods would allow Ortho Sport to maintain the alleged privacy of its other patients while still making the data it is producing usable.[3]

Defendants do want to add an important caveat that it is possible that the Patient ID number itself contains discoverable information, such as an indication of which law firm referred the patient, or the total number of patients seen.[4] Ortho

---

[3] If Ortho Sport had attempted to confer with counsel for Defendants, these methods would have been suggested, possibly avoiding taking up the Court's time with this issue at all. The fact that Ortho Sport never attempted to confer furthers Defendants' concern that actually resolving a privacy issue was not the purpose of Ortho Sport's motion.

[4] For example, if the Patient ID number was "Withrite1234," or similar, then that would itself be discoverable.

Sport notably did not produce an example of its Patient ID number system in its briefing. Therefore, Defendants request that, prior to any change to its existing Order, the Court conduct an *in camera* review of the unredacted/altered reports (or a representative portion of them) to determine if the Patient ID number itself contains discoverable information. If it does, then proposal number (5) above would be the appropriate modification.

### III.  CONCLUSION

Ortho Sport's motion for reconsideration should be seen for what it is: a last-ditch attempt to avoid producing in usable form the evidence which will show the extent of its financial arrangements with personal injury firms, thus revealing its inherent bias and the unreasonableness of its charges. As shown herein, if Ortho Sport is permitted to redact the Patient ID numbers, it will have evaded this Court's Order by producing the ordered evidence in an unusable form to Defendants. Patient ID numbers (or an equivalent) are essential to the analysis. Ortho Sport's arguments as to scope and privacy are unavailing, the IDs should not be redacted, and Ortho Sport's motion for reconsideration should be denied.

However, if the Court believes that the Patient ID number should be redacted, Defendants have provided several examples of ways in which the actual number could be redacted while still preserving the utility of the data produced. Defendants

further request the Court conduct an *in camera* review of the production prior to any ruling to determine whether the Patient ID number is itself discoverable.

Respectfully submitted, this 23rd day of December, 2025.

                                   MCMICKLE, KUREY & BRANCH, LLP

                                   */s/ Elenore C. Klingler*
                                   KEVIN P. BRANCH
                                   Georgia Bar No. 111839
                                   ELENORE C. KLINGLER
                                   Georgia Bar No. 425190
                                   *Attorneys for Defendants*

217 Roswell Street, Suite 200
Alpharetta, GA 30009
Telephone: (678) 824-7800
kpb@mkblawfirm.com;
eklingler@mkblawfirm.com

## **CERTIFICATE OF COMPLIANCE**

Counsel for Defendants hereby certifies that **DEFENDANTS' RESPONSE TO NON-PARTY ORTHO SPORT AND SPINE'S MOTION FOR RECONSIDERATION** have been prepared with one of the font and point selections approved by the Court in LR 5.1(B):  Times New Roman (14 point).

This 23rd day of December, 2025.

                                                 */s/ Elenore C. Klingler*
                                                 ELENORE C. KLINGLER
                                                 For the Firm

## **CERTIFICATE OF SERVICE**

This is to certify that on this date I have electronically filed the foregoing **DEFENDANTS' RESPONSE TO NON-PARTY ORTHO SPORT AND SPINE'S MOTION FOR RECONSIDERATION** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorney of record:

John Barnes, Esq.
WLG Atlanta, LLC
Bank of America Plaza
600 Peachtree Street NE, Suite 4010
Atlanta, Georgia 30308
John.Barnes@witheritelaw.com
*Attorney for Plaintiff*

**VIA EMAIL AND CERTIFIED MAIL/RETURN RECEIPT**
Evan David Szczepanski, Esq.
Evan Smith, Esq.
Yasha Heidari, Esq.
Delgado Heidari, LLC
2997 Cobb Parkway #724615
Atlanta, Georgia 31139
eds@dhlawteam.com
evan@hplawgroup.com
yasha@dhlawteam.com

Submitted this 23rd day of December, 2025.

/s/ Elenore C. Klingler
ELENORE C. KLINGLER
Georgia Bar No. 425190