IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MAE JIMMAR,

  Plaintiff,

v.

COCA-COLA BOTTLING
COMPANY UNITED INC. AND
TRAVON BENNETT,

  Defendants.

CIVIL ACTION FILE NO.

1:25-cv-01045-SCJ

## ORDER

This matter appears before the Court on the Motion for Reconsideration filed by Nonparty Ortho Sport and Spine Physicians ("Ortho Sport") regarding the Court's November 28, 2025 Order granting Defendants' Motion to Compel. Doc. Nos. [52]; [53].[1]

In its Motion, Ortho Sport states that Defendants' proposed order, ultimately adopted by the Court, improperly expanded the compelled materials

_____

[1] On December 19, 2025, the Court granted the emergency stay portion of the Motion and stayed discovery of the Patient ID Numbers pending resolution of the Motion for Reconsideration. Doc. No. [54].

to include the "Patient ID numbers" of Ortho Sport's prior, unrelated patients. Doc. No. [53], 4. Ortho Sport requests reconsideration and amendment to this Court's prior Order allowing for the redaction of all non-party "Patient ID numbers," so as to protect the identity of its non-party patients. Id.[2]

In response, Defendants assert that "[t]he Court should deny Ortho Sport's motion for reconsideration because the Patient ID numbers are essential information which is needed to analyze Ortho Sport's reports, and their redaction would render Ortho Sport's production meaningless"—and in violation of Federal Rule of Civil Procedure 45, which requires electronically stored information to be produced in a usable form. Doc. No. [55], 1. Defendants also state: "[c]ontrary to what Ortho Sport claims, the Patient ID numbers were contemplated to be produced in Defendants' subpoena, and privacy concerns are not implicated by the production." Id. Defendants state that the Patient ID "provides an anonymous numerical ID, which is otherwise meaningless to Defendants, but which allows Defendants to identify which charges are associated with one patient versus charges issued to the next patient." Id. at 4. Defendants state that the Patient ID "does not identify individual patients by

_____

[2] "Ortho Sport does not raise an issue with any other portion of the Court's Order, and is providing all other information as ordered." Doc. No. [53], 2.

2

name or any way that would allow personal identification. Id. Defendants also assert that "HIPAA concerns are not relevant to this discussion, because judicial orders allow disclosure of protected health information." Doc. No. [55], 8 (citing 45 C.F.R. 164.512(e)(i)); see also G.D. v. Riley, No. CIV.A.2:05-CV-980, 2007 WL 2206559, at *2 (S.D. Ohio July 30, 2007) ("[P]rotected health information relating to an individual may be lawfully disclosed, even without authorization or notice to the individual, "in the course of any judicial or administrative proceeding . . . .").[3] Defendant also asserts that a HIPAA definition of "patient identifying number" "is inapplicable here." Doc. No. [55], 9.

Under Local Rule 7.2, motions for reconsideration are not to be filed "as a matter of routine practice," but only when "absolutely necessary." L.R. 7.2(E), NDGa. Such absolute necessity arises where there is "(1) newly discovered evidence; (2) an intervening development or change in controlling law; or (3) a

---

[3] "Disclosure under this provision also requires, however, an order or stipulation that prohibits the parties from using or disclosing the protected health information 'for any purpose other than the litigation or proceeding for which such information was requested' and which 'requires the return to the covered entity or destruction of the protected health information ... at the end of the litigation or proceeding.'" G.D. v. Riley, No. CIV.A.2:05-CV-980, 2007 WL 2206559, at *2 (S.D. Ohio July 30, 2007) (citing 45 C.F.R. § 164.512(e)(i),(v)(A),(B)).

need to correct a clear error of law or fact." <u>Boone v. Corestaff Support Servs.,</u> <u>Inc.</u>, No. 1:11-CV-1175-RWS, 2011 WL 3418382, at * 2 (N.D. Ga. Aug. 3, 2011).

After review, it appears that both sides make valid points and it also not quite clear to the Court if the Parties are using the same definition of the term "Patient ID numbers," such that clarification is warranted and the Court will **GRANT IN PART** the Motion for Reconsideration filed by Nonparty Ortho Sport and Spine Physicians. The Court's prior Order (Doc. No. [52]) is **AMENDED** to state that Ortho Sport is not required to produce Patient ID numbers (as defined by either party in the briefing); however, Ortho Sport shall produce the remainder of the electronic information/discovery ordered by the Court (in Doc. No. [52]) in a reasonably usable form in accordance with Federal Rule of Civil Procedure 45. Defendants and Ortho Sport are **ORDERED** to confer in good faith on the proposals presented in Defendants' brief (Doc. No. [55], 9–10), as well as any proposal presented by Ortho Sport, and reach a mutually agreeable format for production within **TEN DAYS** of the date of this Order.[4] Ortho Sport's production date is again extended to within **THIRTY DAYS** of the date of this

---

[4] The Court declines Defendants' request (Doc. No. [55], 10)  for *in camera* review in the absence of any indication that a conference has been held with Counsel for Ortho Sport to determine if the Patient ID number itself contains discoverable information.

Order. And the discovery close deadline is extended to **MARCH 16, 2026**. The scheduling order (Doc. No. [9]) is amended accordingly and all other related pretrial deadlines are adjusted accordingly and pursuant to the Court's Local Rules.[5]

   **IT IS SO ORDERED** this 13th day of January, 2026.


_____
**HONORABLE STEVE C. JONES**
**UNITED STATES DISTRICT JUDGE**

---

[5] Except as amended and clarified herein, the remainder of the Court's Order at Doc. No. [52] remains in full force and effect.